Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us. Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
October 2, 2017

**2017 CO 90**

**No. 15SC912, <u>People v. Ahuero</u>—Criminal Law—Continuances**

This case requires the supreme court to decide whether a trial court abuses its discretion when it denies a continuance that defense counsel requested seeking more time to prepare for trial. At the time defense counsel moved for the continuance, the trial court was confronted with—and considered—the following: (1) defense counsel would have three weeks to prepare for a two- or three-day trial involving eight witnesses and no physical evidence, but defense counsel refused to make specific arguments on why the additional time was needed; (2) the trial court would have had to rearrange its docket and possibly hand off the case to a different judge; (3) priority is given to cases involving the sexual assault of a child; and (4) the victim's family wanted to resolve the case promptly. The supreme court concludes that, under these circumstances, the trial court's decision to deny a continuance was not so manifestly arbitrary, unreasonable, or unfair to constitute an abuse of discretion. Therefore, the supreme court reverses the court of appeals and remands for proceedings consistent with this opinion.

**2017 CO 90**

**Supreme Court Case No. 15SC912**
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 13CA453

**Petitioner:**

The People of the State of Colorado,

v.

**Respondent:**

Stephen J. Ahuero.

**Judgment Reversed**
*en banc*
October 2, 2017

**Attorneys for Petitioner:**
Cynthia H. Coffman, Attorney General
Kevin E. McReynolds, Assistant Attorney General
 *Denver, Colorado*

**Attorneys for Respondent:**
Law Office of Lynn C. Hartfield, LLC
Lynn C. Hartfield
 *Denver, Colorado*

**CHIEF JUSTICE RICE** delivered the Opinion of the Court.
**JUSTICE GABRIEL** does not participate.

¶1      This case requires us to decide whether a trial court abuses its discretion when it denies a continuance that defense counsel requested seeking more time to prepare for trial.[1]   At the time defense counsel moved for the continuance, the trial court was confronted with—and considered—the following:   (1) defense counsel would have three weeks to prepare for a two- or three-day trial involving eight witnesses and no physical evidence, but defense counsel refused to make specific arguments on why the additional time was needed; (2) the trial court would have had to rearrange its docket and possibly hand off the case to a different judge; (3) priority is given to cases involving the sexual assault of a child; and (4) the victim's family wanted to resolve the case promptly.   We conclude that, under these circumstances, the trial court's decision to deny a continuance was not so manifestly arbitrary, unreasonable, or unfair to constitute an abuse of discretion.   Therefore, we reverse the court of appeals and remand for proceedings consistent with this opinion.

---

[1] We granted certiorari to review the following issues:

1.  Whether the court of appeals erred by applying the right to counsel of choice factors from People v. Brown, 2014 CO 25, 322 P.3d 214, to reverse the denial of a continuance request that did not involve the right to counsel of choice.
2.  Whether the adequacy of defense counsel's pretrial investigation is properly addressed on direct appeal where counsel made no specific record and represented his readiness to proceed.
3.  Whether "actual prejudice" from the denial of a continuance can be presumed from the existence of other potential evidence without regard to whether the continuance would have revealed it.

# I. Facts and Procedural History

¶2 Defendant, Stephen J. Ahuero, was charged with two counts of sexual abuse of a child. On October 12, 2012, approximately one month before Ahuero's trial was scheduled to begin on November 13, 2012, his defense counsel moved for a continuance. In his motion, Ahuero's defense counsel stated that he had recently completed a lengthy homicide trial, was scheduled to start another homicide trial soon, and would have less than three weeks to prepare for Ahuero's trial. The motion also argued that: (1) without a continuance, defense counsel would not be properly prepared for Ahuero's trial and would not provide effective assistance of counsel; (2) the prosecution would not be prejudiced by a continuance; and (3) it was Ahuero's first continuance request. The motion sought a new trial date of February or March 2013.

¶3 At the October 15, 2012 motions hearing, the trial court asked if defense counsel would like to supplement his motion. Defense counsel declined to supplement the record and stood on his motion. The trial court stated that it was inclined to deny the continuance because of its own docket concerns and because the prosecution made a soft objection to the continuance based on the victim's family's desire to complete the case. The trial court then denied Ahuero's motion for a continuance and kept the trial date set for November 13, 2012. The trial court reasoned that, although defense counsel was busy, it too had a busy schedule and moving the trial could cause significant docketing issues. Further, due to the judge's upcoming change in courtrooms, changing the trial date would require a different judge to preside over the case. The trial court did agree, however, to postpone another motions hearing until October 26 due to a

conflict with one of defense counsel's other trials. At the October 26 motions hearing, defense counsel appeared without objection and cross-examined the prosecution's three outcry witnesses, including the victim's mother.

¶4 The trial began on November 13, 2012. The trial court asked whether defense counsel was ready to proceed, and he answered, "Yes." He did not object to the beginning of trial nor state that he needed more time to prepare. Defense counsel went on to address rape shield issues, participate in jury selection, and give an opening statement. On November 14, defense counsel cross-examined three of the prosecution's seven witnesses: the victim, the victim's mother, and the forensic interviewer. He did not cross-examine two of the witnesses he had cross-examined on October 26, and he did not cross-examine the police officers that had summarized the victim's report and steps of the investigation.

¶5 During Ahuero's defense, Ahuero's girlfriend testified that Ahuero and the victim had never been alone and that the victim had been drinking, which affected her memory. On the final day of trial, both parties gave closing arguments, and the jury convicted Ahuero of two counts of sexual abuse of a child.

¶6 After the final day of trial, but before sentencing, Ahuero filed two motions, one seeking a mistrial and the other seeking a new trial based on newly discovered evidence. The motion for a mistrial alleged that his counsel had also been assigned to defend one of the prosecution's outcry witnesses in an unrelated assault case. Defense counsel, however, stated that he had been unaware of this conflict and it had not

4

impacted his defense of Ahuero. The trial court agreed with defense counsel and denied the motion for a mistrial.

¶7 The motion for a new trial alleged that, several months before Ahuero's trial, the victim and her sister had told Ahuero's nephew and his friend that Ahuero had not sexually assaulted her. The nephew and his friend stated that the victim told them she had made up the allegations at the behest of one of the outcry witnesses who did not like Ahuero (the same witness that defense counsel had been assigned to represent). The trial court held an evidentiary hearing during which Ahuero's nephew and his friend testified consistent with their previous statements. When the nephew was asked why he had not come forward earlier with the information, he testified that he thought the victim would come clean, and he did not want his family knowing that he had been talking to the victim and her sister because their families had longstanding problems with each other. He also testified that no one had contacted him or tried to interview him before the trial.

¶8 The victim testified that she had never told Ahuero's nephew that she had made up the allegations. She also testified that she had never been pressured into making up her claims of sexual assault. The victim's sister testified that she remembered being around Ahuero's nephew and his friend several months before trial, but could not hear the contents of any conversation relating to the allegations against Ahuero. The trial court denied the motion for a new trial, finding that the victim's unchanging testimony was "far more credible" than the testimony by Ahuero's nephew and his friend.

5

¶9 A division of the court of appeals reversed Ahuero's conviction, holding that the trial court abused its discretion when it denied Ahuero's motion for a continuance. People v. Ahuero, No. 13CA453, slip op. at 1 (Colo. App. Sept. 17, 2015). Specifically, the division held that, without the continuance, defense counsel's lack of time to prepare violated Ahuero's Sixth Amendment right to effective assistance of counsel. Id. at 3. Because the division held that the trial court violated Ahuero's rights by denying defense counsel's motion for a continuance, it declined to reach Ahuero's other issues on appeal. Id. at 19. We granted the prosecution's petition for certiorari.

## II. Analysis

¶10 The prosecution argued in its petition that the court of appeals erred by (1) applying the counsel-of-choice factors from People v. Brown, 2014 CO 25, 322 P.3d 214, to a general continuance denial; (2) addressing the adequacy of defense counsel's pretrial investigation on direct appeal rather than waiting for a collateral challenge alleging ineffective assistance of counsel; and (3) finding actual prejudice from the denial of a continuance based on the existence of evidence that defense counsel had not discovered, but without considering whether defense counsel would have discovered that evidence had the continuance been granted. However, after examining the court of appeals' opinion, we conclude that the trial court's denial of the continuance was not an abuse of discretion under our totality-of-the-circumstances jurisprudence applicable to continuances. Therefore, we reverse the court of appeals and decline to reach the prosecution's arguments.

6

¶11    A trial court's ruling on a motion to continue "rests in the sound discretion of the court, and such ruling will not be disturbed on appellate review in the absence of a showing of a clear abuse of discretion." People v. Crow, 789 P.2d 1104, 1106 (Colo. 1990). "To say that a court has discretion in resolving [an] issue means that it has the power to choose between two or more courses of action and is therefore not bound in all cases to select one over the other." Id. (alteration in original) (quoting People v. Milton, 732 P.2d 1199, 1207 (Colo. 1987)). "In determining whether a court has abused its discretion in denying a motion for continuance, an appellate court must evaluate the circumstances confronting the court at the time the motion is made, particularly the reasons 'presented to the trial judge at the time the request is denied.'" Id. (quoting People v. Hampton, 758 P.2d 1344, 1354 (Colo. 1988)). "A court abuses its discretion only when, based on the particular circumstances confronting it, its ruling on the motion is manifestly arbitrary, unreasonable, or unfair." Id.

¶12    "There are no 'mechanical tests' for determining whether a trial court abuses its discretion by denying a continuance." Brown, ¶ 20, 322 P.3d at 219 (quoting Hampton, 758 P.2d at 1353). "Trial judges necessarily require a great deal of latitude in scheduling trials." Morris v. Slappy, 461 U.S. 1, 11 (1983). "Not the least of [a trial court's] problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons." Id. "Consequently, broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary 'insistence upon expeditiousness in

7

the face of a justifiable request for delay' violates the right to the assistance of counsel."

Id. at 11–12 (quoting Ungar v. Sarafite, 376 U.S. 575, 589 (1964)).

¶13 Here, defense counsel filed a short motion (less than 180 words) requesting a continuance, arguing that he would have only three weeks to prepare for a felony trial. The motion did not state specifically why defense counsel needed additional time to prepare. Rather, it based the request for a continuance on conclusory statements regarding the press of business and the general need for additional time. Moreover, the parties had estimated that both sides would be done questioning witnesses by the second day of trial. Further, this was a he-said-she-said trial with eight witnesses all testifying about a relatively short period of time (one evening) and without any physical evidence.

¶14 At the hearing on the motion to continue, the trial court expressed its concern (1) over the impact a continuance would have on its own docket; (2) over the priority given to cases involving the sexual assault of a child; (3) that the victim's family wanted the case resolved promptly; and (4) that the case would likely get pushed back to the point that a different judge would be required to hear the case. When given a chance to respond to some of these concerns and supplement his short motion, defense counsel made no further arguments and stood on his conclusory motion.

¶15 The trial court, however, did grant a continuance for a separate motions hearing that would have conflicted with another of defense counsel's trials. Although the trial court refused to postpone the trial itself, defense counsel alerted the trial court to a conflict between a motions hearing in Ahuero's case and another trial that defense

8

counsel was working on. The trial court granted a continuance for that hearing so defense counsel could adequately prepare and participate—and defense counsel did so, cross-examining several witnesses at the October 26 hearing.

¶16 Turning to the denial of the continuance for the beginning of trial, we must step into the shoes of the trial judge and examine "the reasons presented to the trial judge at the time the request [was] denied." Hampton, 758 P.2d at 1354 (alteration added) (quoting Ungar, 376 U.S. at 589). These reasons included, in favor of granting the continuance, general arguments that defense counsel did not feel that he could adequately prepare in three weeks for a two- or three-day trial that involved eight witnesses and no physical evidence. However, defense counsel declined to explain specifically why he needed more time or how more time could have better prepared him, and he rested on his motion. The trial court was left with only conclusory statements from defense counsel that he would not be ready. On the other hand, the trial court considered several specific factors that weighed in favor of denying the continuance: the impact on its own docket, the priority of cases of sexual assault on children, the victim's family's wishes, and that a different judge would have to hear the case.

¶17 The trial court's decision to deny defense counsel's continuance motion was not "an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay.'" Morris, 461 U.S. at 11–12 (quoting Ungar, 376 U.S. at 589). Two events bolster this conclusion: (1) at the October 26 motions hearing, defense counsel cross-examined several witnesses and did not state that he was unprepared to

9

do so; and (2) on the first day of trial, the trial court inquired as to whether counsels were ready to proceed, and both sides affirmed that they were. The trial court did not err when it weighed several specific factors—including docket management, the victim's family's wishes, and the impact on another judge's docket—more heavily than a general, conclusory request for more time without any accompanying arguments as to why that time was needed.

¶18 Therefore, the trial court did not abuse its discretion when it denied defense counsel's motion for a continuance.

### III. Conclusion

¶19 We reverse the judgment of the court of appeals and remand for further proceedings consistent with this opinion.

**JUSTICE GABRIEL** does not participate.