22CA0074 Peo v Perez 10-10-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 22CA0074
Arapahoe County District Court No. 10CR1091
Honorable Darren Vahle, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Medardo Eliezar Perez,

Defendant-Appellant.

---

ORDER AFFIRMED

Division VI
Opinion by JUDGE BROWN
Welling and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 10, 2024

---

Philip J. Weiser, Attorney General, Joshua J. Luna, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Evan W. Jones, Alternate Defense Counsel, Denver, Colorado, for Defendant-Appellant

¶ 1    Defendant, Medardo Eliezar Perez, appeals the district court's order revoking his probation.  We affirm the order.

## I.    Background

¶ 2    A jury convicted Perez of one count of sexual assault on a child, and the district court sentenced him to two years to life in prison.  The district court subsequently reconsidered Perez's sentence, vacated his prison sentence, and resentenced him to ten years to life of Sex Offender Intensive Supervision Probation.

¶ 3    As relevant here, Perez's probation officer filed a petition to revoke his probation in October 2018, alleging that Perez violated his probation by (1) failing to report to an appointment with his probation officer; (2) failing to apprise probation of his whereabouts when he left his residence for a few days; (3) hitchhiking; (4) failing to attend and actively participate in sex offender treatment; and (5) refusing to wear an electronic monitoring device, specifically an ankle monitor.

¶ 4    Due to a variety of factors, including competency issues, the revocation hearing was not held until November 2021.  Perez was unable to post bond and remained confined during the pendency of the revocation proceeding.

¶ 5    At the revocation hearing, defense counsel requested that Perez be released on a personal recognizance bond to allow him to access evidence in a storage unit; Perez alleged the evidence was relevant to defending himself in the revocation proceeding. Although counsel informed the court that this evidence included hours of audio recordings that Perez claimed were exculpatory, she could not provide any specifics about how that evidence was relevant to the charges, much less exculpatory. The district court denied Perez's request.

¶ 6    Counsel then informed the court that Perez did not want to proceed with the hearing without what he claimed was his exculpatory evidence. The district court construed counsel's statement as a request to continue the hearing, noted that counsel had been appointed more than six months prior, and questioned counsel about when she learned of the evidence. Counsel told the court that she had learned of the evidence before the hearing but declined to disclose any details because she believed discussing it with the court would violate attorney-client privilege. The court denied the continuance.

¶ 7     Based on evidence presented at the hearing — including testimony from Perez's probation officer that Perez missed an appointment with her, refused to wear an ankle monitor, and did not participate in sex offender treatment — the district court determined that Perez had committed four of the five violations alleged in the complaint, revoked his probation, and sentenced him to six years to life in prison.

## II.     Discussion

¶ 8     Perez contends that the district court erred by revoking his probation. Specifically, he asserts that the court abused its discretion when it denied his request for a continuance to obtain exculpatory evidence, thereby denying him the right to present a defense. We disagree.

### A.     Standard of Review and Applicable Law

¶ 9     We will not disturb a trial court's ruling on a motion for a continuance absent a clear abuse of discretion. *People v. Ahuero*, 2017 CO 90, ¶ 11. A court abuses its discretion when its ruling is manifestly arbitrary, unreasonable, or unfair. *Id.*

¶ 10     There is no mechanical test to determine if "the denial of a request for a continuance constitutes an abuse of discretion."

*People v. Roybal*, 55 P.3d 144, 150 (Colo. App. 2001). Instead, we evaluate the circumstances confronting the court at the time the motion is made, focusing on the reasons "presented to the trial judge at the time the request is denied." *Ahuero*, ¶ 11 (citation omitted). "The defendant bears the burden of establishing that the denial of the continuance actually prejudiced [them]." *People v. Finney*, 2012 COA 38, ¶ 47, *aff'd on other grounds*, 2014 CO 38.

¶ 11     Further, although a defendant in a probation revocation proceeding is not entitled to the full range of constitutional guarantees afforded to defendants in criminal prosecutions, they are still entitled to certain minimum due process protections, including the right to be heard in person, to present witnesses and documentary evidence, and to cross-examine adverse witnesses. *Byrd v. People*, 58 P.3d 50, 56 (Colo. 2002).

### B.     Analysis

¶ 12     Counsel moved to continue the probation revocation hearing to obtain hours of purportedly exculpatory audio recordings from a storage unit. For four reasons, we conclude that the district court did not abuse its discretion by denying the continuance.

¶ 13 First, neither Perez nor his counsel explained how the evidence would impact the probation violation allegations, which related primarily to Perez's failure to report to appointments, allow for tracking his whereabouts, or attend treatment. Indeed, it is hard to fathom how "[seventeen] and a half hours of digital audio recordings" could provide Perez a defense to those allegations. And Perez explained only that people had been following him "because they claim that [he] exposed them for the murder of an elderly woman" and that the secret service had acquired "[p]roof."

¶ 14 Second, counsel was unable to tell the court how long the evidence had been in the storage locker, how long counsel had known about the evidence, or why no efforts had yet been undertaken to obtain it.

¶ 15 Third, counsel did not explain why additional time would result in obtaining the evidence Perez wanted. The circumstances presented to the court suggested that Perez was the only person who could access the evidence. But the court denied Perez's request for a personal recognizance bond — a ruling Perez does not challenge on appeal — so it does not appear that anything would

have changed had the court continued the hearing. Perez would have remained confined during the continuance.

¶ 16 Fourth, the revocation had been pending for three years, making further delay for the reasons argued unjustified.

¶ 17 To the extent Perez also argues that the court's decision violated his right to present a defense, we are not persuaded. At the revocation hearing, the prosecution presented two witnesses: Perez's probation officer and the probation supervisor who advised Perez about the terms and condition of his probation. Defense counsel cross-examined both witnesses and admitted phone records to verify Perez's attempts to keep in contact with probation. And Perez testified at the hearing and explained (1) why he missed a probation appointment and had not begun the sex offender treatment program; (2) his efforts to keep probation apprised of his whereabouts; and (3) his reasons for leaving the Denver area and refusing to wear an ankle monitor. We conclude that these procedures satisfied Perez's due process rights. *See id.* at 56.

### III. Disposition

¶ 18 We affirm the district court's order.

JUDGE WELLING and JUDGE MOULTRIE concur.