Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
June 22, 2020

**2020 CO 59**

**No. 18SC572,** *People v. Figueroa-Lemus*—**Matters Subject to Appeal**—**Immigration Advisements**

Both the People and Figueroa-Lemus petitioned for review of the court of appeals' judgment affirming the denial of the defendant's Crim. P. 32(d) motion to withdraw his guilty plea.  The People challenge the appellate court's jurisdiction on the grounds that until the defendant is actually sentenced and judgment of conviction enters, there can be no final judgment from which an appeal would lie.  The defendant challenges the appellate court's ultimate conclusion on the merits that he was not entitled to an advisement by his counsel to the effect that he would be detained without bond during the pendency of any deportation proceedings initiated against him by the federal government.

The supreme court vacates the court of appeals' opinion.  Because a guilty plea taken pursuant to a statutorily sanctioned stipulation to defer judgment and sentence does not become a final, appealable judgment unless and until the deferral is revoked, sentence is actually imposed, and judgment of conviction

enters, the defendant was without any immediate right to appeal the denial of his Crim. P. 32(d) motion, and the court of appeals was therefore not authorized to entertain the defendant's claim. The supreme court chooses, nevertheless, to exercise its original jurisdiction in this case, and finds that the defendant was adequately advised concerning the deportation consequences of his plea, and therefore the district court did not abuse its discretion in denying his motion to withdraw.

# The Supreme Court of the State of Colorado
2 East 14th Avenue • Denver, Colorado 80203

## 2020 CO 59

### Supreme Court Case No. 18SC572
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 14CA1181

**Petitioner/Cross-Respondent:**

The People of the State of Colorado,

v.

**Respondent/Cross-Petitioner:**

Eswin Ariel Figueroa-Lemus.

### Judgment Vacated
*en banc*
June 22, 2020

**Attorneys for Petitioner/Cross-Respondent:**
Philip J. Weiser, Attorney General
William G. Kozeliski, Senior Assistant Attorney General
  *Denver, Colorado*

**Attorneys for Respondent/Cross-Petitioner:**
Megan A. Ring, Public Defender
Mark Evans, Deputy Public Defender
  *Denver, Colorado*

**CHIEF JUSTICE COATS** delivered the Opinion of the Court.

¶1 Both the People and Figueroa-Lemus petitioned for review of the court of appeals' judgment affirming the denial of the defendant's Crim. P. 32(d) motion to withdraw his guilty plea. The People challenge the appellate court's jurisdiction on the grounds that until the defendant is actually sentenced and judgment of conviction enters, there can be no final judgment from which an appeal would lie. The defendant challenges the appellate court's ultimate conclusion on the merits that he was not entitled to an advisement by his counsel to the effect that he would be detained without bond during the pendency of any deportation proceedings initiated against him by the federal government.

¶2 Because a guilty plea taken pursuant to a statutorily sanctioned stipulation to defer judgment and sentence does not become a final, appealable judgment unless and until the deferral is revoked, sentence is actually imposed, and judgment of conviction enters, the defendant was without any immediate right to appeal the denial of his Crim. P. 32(d) motion, and the court of appeals was therefore not authorized to entertain the defendant's claim. Choosing, nevertheless, to exercise our original jurisdiction in this case, we find that the district court did not abuse its discretion in denying the defendant's motion.

¶3 The judgment of the court of appeals is therefore vacated, and the case is returned to the district court for further proceedings consistent with this opinion.

¶4 Eswin Ariel Figueroa-Lemus, a lawful permanent resident of the United States, was arrested on October 28, 2012, and charged with one count each of possession of a controlled substance (cocaine), possession of drug paraphernalia, and driving under the influence. On May 6, 2013, he pled guilty to the controlled substance count pursuant to a statutorily sanctioned stipulation with the district attorney for the deferral of judgment for a period of two years, pending satisfaction of the conditions of his deferral. At the providency hearing at which his plea was taken, the defendant acknowledged his awareness that his plea could make him deportable, and defense counsel affirmatively stated on the record that he and the defendant had a lengthy conversation about immigration consequences, after which the defendant understood that this drug offense would render him deportable. When expressly asked by the trial court whether plea counsel's statement was true, the defendant responded affirmatively.

¶5 On August 6, 2013, the People moved to revoke the deferred judgment, alleging that the defendant had been arrested by federal Immigration and Customs Enforcement ("ICE") officers and therefore could no longer comply with the requirements of his deferred judgment. On October 10, 2013, the defendant filed a motion pursuant to Crim. P. 32(d) to withdraw his guilty plea, alleging in support that he had received constitutionally deficient assistance of counsel at the

3

plea hearing because his counsel failed to give him correct advice about the immigration consequences of his plea. He asserted that counsel was obligated to, but did not, properly advise him of, among other things, the fact that if he were to be subjected to deportation proceedings, he would be detained without bond throughout the pendency of those proceedings.

¶6 At the time his motion was heard, the defendant testified that if he had been properly advised, he would have rejected the plea deal and insisted on going to trial. His counsel testified that he affirmatively advised the defendant he would eventually be deported, but he conceded that he never told the defendant directly that he would be subjected to mandatory detention during the pendency of any deportation proceedings. In addition, an immigration attorney to whom defense counsel had referred the defendant before his plea, testified that he also informed the defendant that accepting the plea would result in his deportation but did not specify that accepting the plea would subject him to mandatory detention during the pendency of any deportation proceedings.

¶7 On May 5, 2014, the trial court denied the motion to withdraw the defendant's guilty plea. The trial court found credible the testimony of the two attorneys and further found that their advice that the defendant would be deported if he accepted the plea was adequate advice concerning the deportation consequences of the plea. The court also specifically found that mandatory

4

detention without bond was not a clear deportation consequence of the plea as to which the defendant was entitled to an advisement, noting the absence of any authority for that proposition.

¶8 Although the court of appeals acknowledged that a deferred judgment is not a final judgment for purposes of appeal, a majority of the division nevertheless concluded for a number of reasons that unless the defendant were entitled to an immediate appeal of the denial of his motion to withdraw, he would be without an adequate remedy. Characterizing our holding in *Kazadi v. People*, 2012 CO 73, 291 P.3d 16, as permitting a defendant to "challenge a deferred judgment under Crim. P. 32(d)," *People v. Figueroa-Lemus*, 2018 COA 51, ¶ 9, __ P.3d __, the court of appeals concluded that it was unlikely that we would provide a remedy in the district court without allowing appellate review. *Id.* at ¶ 11. On the merits, however, the majority affirmed the trial court's denial of the defendant's Crim. P. 32(d) motion, expressly rejecting his contention that defense counsel was obliged to advise him he would be subject to mandatory detention during the pendency of his deportation proceedings and instead concluding that he had been adequately advised of the immigration consequences of his plea.

¶9 Both the People and the defendant then petitioned this court for a writ of certiorari to the court of appeals.

## II.

¶10 Answering the question whether a criminal defendant has a right of immediate appeal from the denial of his motion to withdraw a guilty plea entered pursuant to a deferred judgment stipulation does not require us to break new ground.

¶11 We have a number of times in the past made abundantly clear that a statutorily sanctioned deferred judgment and sentence is not a final judgment, and therefore, unless and until revoked, it may not be subject to either direct appellate review or postconviction relief. *People v. Carbajal*, 198 P.3d 102, 105 (Colo. 2008); *see also People In Interest of J.D.*, 2020 CO 48, ¶ 14, __ P.3d __ (citing precedent explaining that the entry of a deferred judgment is not a final appealable sentence); *Kazadi*, ¶¶ 18–19, 291 P.3d at 22 ("[A] deferred judgment is not a final judgment, and thus may not be subject to either Crim. P. 35 review or direct appellate review until revoked." (quoting *Carbajal*, 198 P.3d at 105)). Although the decisions and rulings of a district court on motions made in the course of a criminal case are not, in the absence of specific authority to the contrary provided by rule or statute, appealable until a final judgment is reached, *see* C.A.R. 1(a), the court of appeals reasoned that we would not have permitted a challenge to deferred judgments by Crim. P. 32(d) in *Kazadi* had we not considered the denial of a motion to withdraw sufficiently final to permit immediate appellate review. In combination, the

6

intermediate appellate court's misunderstanding of the scope of Crim. P. 32(d), its misreading of our opinion in *Kazadi*, and its mistaken presumptions about the availability of review upon entry of a final judgment, all led it to this erroneous conclusion.

¶12 In *Kazadi* we found the procedural vehicle of Crim. P. 32(d) available for the withdrawal of those guilty pleas taken pursuant to a stipulation for deferred judgment, just as it is for the withdrawal of pleas of guilt and nolo contendere generally, precisely because a deferred judgment is *not* yet a final judgment subject to review by a higher court. ¶¶ 18–20, 291 P.3d at 22–23. Unlike Crim. P. 35, which provides for postconviction relief, Rule 32(d) does not authorize, or provide any mechanism for, challenges to the validity—constitutional or otherwise—of guilty pleas. Instead, it provides a vehicle for a pleading defendant to present the court taking his plea with a fair and just reason for discretionarily permitting withdrawal of that plea, rather than proceeding to sentencing and final judgment. *See Kazadi*, ¶ 14, 291 P.3d at 21.

¶13 As we have only recently again made clear, while a demonstration of the likelihood of a constitutional defect in the taking of a plea could certainly present a fair and just reason for permitting its withdrawal, so too could a number of other grounds not amounting to error at all. *J.D.*, ¶ 13. The more flexible, discretionary standard of Crim. P. 32(d) permits considerations of fairness and the avoidance of

7

error rather than a remedy for error. *See People v. Chippewa*, 751 P.2d 607, 611 n.6 (Colo. 1988) (declining to follow the court of appeals, which unnecessarily addressed the constitutional validity of the defendant's advisement concerning mandatory sentencing, and instead merely finding an abuse of discretion where the defendant's Crim. P. 32(d) motion established a fair and just reason for withdrawal of his plea).

¶14     Although section 16-12-101, C.R.S. (2019), grants every person convicted of an offense under the statutes of this state the right of appeal to review the proceedings resulting in his conviction, it expressly does so only according to the applicable rules of the supreme court, a reference we have often construed to include the final judgment requirement of the appellate rules. C.A.R. 1(a) ("An appeal to the appellate court may be taken from . . . [a] final judgment of any district . . . court . . . ."); *see People v. Gabriesheski*, 262 P.3d 653, 656–57 (Colo. 2011) (appealable matters are subject to the final judgment requirement of C.A.R. 1). Our statement in *Kazadi* to the effect that we will not overturn the denial of a motion to withdraw absent an abuse of discretion implied nothing to the contrary, instead merely articulating the standard of review of Crim. P. 32(d) motions without implying anything about the timing of such a review, much less suggesting an entitlement to immediate appellate review. And the suggestion of the court of appeals that an appeal from the denial of a motion to withdraw would be time-

8

barred whenever the deferred judgment is not revoked within forty-nine days following denial simply misreads C.A.R. 4(b), which measures time limitations for appeal only from appealable orders.

¶15 The denial of Crim. P. 32(d) motions to withdraw guilty pleas are clearly reviewable after sentencing and the entry of final judgments of conviction. *See, e.g., Chippewa*, 751 P.2d at 608–09. Although the window for both filing and seeking review of the denial of a Crim. P. 32(d) motion is typically narrow, in *Kazadi* we found nothing on the face of the rule prohibiting a defendant stipulating to a deferred judgment from also taking advantage of that rule, if he so chooses. ¶ 20, 291 P.3d at 22–23. By the same token, however, the fact that we have construed the rule to entitle a defendant to move for the discretionary withdrawal of his plea up until his deferred judgment is revoked and judgment enters in no way implies that he also be entitled to bootstrap this advantage into a claim for appellate review before judgment actually enters.

¶16 In any event, rarely will it be the case that a defendant will be substantially disadvantaged by having to either fulfill or violate the conditions of his deferred judgment stipulation before challenging the plea court's exercise of discretion to deny a motion to withdraw a guilty plea. However, in the limited situations in which that may be the case, a defendant laboring under a deferred judgment stipulation in this jurisdiction has a realistic opportunity for discretionary review

by this court. *Paul v. People*, 105 P.3d 628, 632–33 (Colo. 2005). As we have done at times in the past, where the defendant's assignment of error has been fully briefed, the court of appeals has published its resolution of the matter, and our determination that the defendant's claim is not yet ripe for appeal would otherwise result in unnecessary delay, *see, e.g., id.*, we choose to exercise our original jurisdiction and address the defendant's claim.

¶17 The defendant asserts that he was denied the effective assistance of counsel in entering into his deferred judgment stipulation because his counsel failed to advise him that he would be detained during deportation proceedings by the federal government, and had he been made aware of that fact, he would not have entered into the agreement. In *Padilla v. Kentucky*, 559 U.S. 356, 365–66, 369 (2010), the United States Supreme Court found that the virtually automatic deportation mandate of existing federal immigration law was a unique consequence of which counsel has an obligation to inform his client before pleading guilty. Where immigration law is less than clear, the Court required counsel to advise his client merely that there may be a risk of adverse immigration consequences, but where the law is "succinct and straightforward," it required counsel to provide correct advice. *Id.* at 369. In *Juarez v. People*, 2020 CO 8, ¶¶ 17–18, 457 P.3d 560, 564, we recently considered this requirement of *Padilla*, and interpreted it to be that where federal law makes a person pleading guilty to a particular crime deportable, the

correct advice for counsel to give is to inform his client precisely that—that by entering a guilty plea, federal law will make him deportable.

¶18 In denying the defendant's Crim. P. 32(d) motion, the district court found credible the testimony of his counsel that he not only advised his client that by entering his guilty plea he would be deported, but that it was not a matter of "if" but only of "when." There is no assertion that the defendant was given any additional, incorrect advice about the immigration consequences of his plea. Nothing more concerning the immigration consequences of his plea was required of his counsel. Since federal practice concerning detention during deportation proceedings was not something of which the defendant was entitled to advisement by either his counsel or the court, *see Juarez*, ¶¶ 17–18, 457 P.3d at 564, there is no basis for finding that the district court abused its discretion in denying the defendant's motion to withdraw his guilty plea.

### III.

¶19 The judgment of the court of appeals is therefore vacated, and the case is returned to the district court for further proceedings consistent with this opinion.