The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Richard Leo LOPEZ, Defendant–
Appellant.

No. 99CA0314.

Colorado Court of Appeals,
Division V.

Sept. 14, 2000.

Ken Salazar, Attorney General, Thomas S. Parchman, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Karen A. Chaney, Colorado Springs, Colorado, for Defendant–Appellant.

Opinion by Judge VOGT.

Defendant, Richard Leo Lopez, appeals the judgment of conviction entered after the trial court denied his Crim. P. 32(d) motion to withdraw his guilty plea. We affirm.

Defendant was charged with first degree murder after deliberation, felony murder, attempted first degree murder, and first degree assault in connection with an incident in which gunshots were fired into a pickup truck, killing the driver and injuring the passenger. Pursuant to a plea agreement, defendant pled guilty to second degree murder and attempted first degree murder in exchange for dismissal of the remaining charges.

Nineteen days after the providency hearing, defendant sent a letter to the trial court indicating that he wanted to withdraw his guilty plea. He said that he had "made a decision I feel I would regret for the rest of my life," that a lengthy prison sentence would impose a hardship on his family, and that: "I have remained silent much too long in my defense, I am innocent, I wish to go to trial although my attorneys feel not the same. I feel I was inadequately represented, I would like the present counsel to remove themselves and be appointed with new counsel."

At the sentencing hearing, the trial court stated that it would treat the letter as a Crim. P. 32(d) motion for plea withdrawal prior to sentencing. It initially denied defense counsel's request for appointment of new counsel but gave defendant the opportunity to state a factual basis for his contention that he had received ineffective assistance of counsel in connection with his guilty plea. Defendant then stated that he was not given information about the facts of the case until three days after his plea agreement had been struck, that counsel had not gone over the plea agreement with him until an hour before he entered the plea, that counsel "wanted me to sign a contract waiving my appeal rights if I did go to trial," and that his lead counsel and one of the victims were friends.

After hearing defendant's statement and the prosecutor's argument, the court denied defendant's motion to withdraw his plea, making detailed findings from the bench in explanation of its ruling. It noted that defendant's responses at the providency hearing clearly indicated that he was entering his plea voluntarily; that defendant had been given ample time to discuss the plea with his counsel and his family; that he had admitted involvement in the shooting; and that he had not alleged that he either misunderstood the charges or had any defense to them. Concerning defendant's contention that he had received ineffective assistance of counsel, the court stated:

> There have been no sufficient factual allegations by the defendant either in his written motion to the Court [or] in his statement to the Court that would give the Court concern with regard to the effectiveness or ineffectiveness of counsel.

> He has raised nothing with regard to [co-counsel's] alleged ineffectiveness. She has been co-counsel in this case since the onset of this case. The Court does not find that in any way ... either [co-counsel] or [lead counsel] has performed in any ineffective manner.

Having concluded that defendant had not established a fair and just reason for withdrawing his guilty plea, the court proceeded with the sentencing hearing and, at its conclusion, imposed concurrent sentences of 35 years on the second degree murder count and 24 years on the attempted first degree murder count.

On appeal, defendant contends that the trial court erred in summarily denying his motion to withdraw his plea without first appointing conflict-free counsel to represent him in connection with his plea withdrawal request. We do not agree.

A defendant is not entitled to withdraw a guilty plea as a matter of right. *People v. Chavez*, 730 P.2d 321 (Colo.1986). Rather, to be entitled to withdraw a guilty

plea prior to sentencing in accordance with Crim. P. 32(d), the defendant has the burden of demonstrating a "fair and just reason" for the withdrawal. *People v. Chippewa*, 751 P.2d 607, 609 (Colo.1988); *see also* 3 ABA, *Standards for Criminal Justice*, Standard 14–2.1(a)(2d ed.1980)("before sentence, the court should allow the defendant to withdraw the plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon defendant's plea").

■ Whether a defendant has demonstrated a fair and just reason to withdraw a guilty plea is a determination committed to the sound discretion of the trial court, whose ruling will not be overturned on appeal absent an abuse of that discretion. *People v. Gutierrez*, 622 P.2d 547 (Colo.1981).

■ Ineffective assistance of counsel or a conflict of interest on the part of counsel representing a defendant at the time a guilty plea is entered may constitute a fair and just reason to withdraw the plea prior to sentencing, *see People v. Riley*, 187 Colo. 262, 529 P.2d 1312 (1975), and may be grounds for setting aside a conviction entered on a guilty plea in proceedings under Crim. P. 35(c). *See People v. Garcia*, 815 P.2d 937 (Colo. 1991).

■ In situations where the defendant has a colorable claim of ineffective assistance of counsel, the trial court may be required to appoint conflict-free counsel to represent the defendant in further proceedings. *See Murphy v. People*, 863 P.2d 301 (Colo.1993). In *Riley v. District Court*, 181 Colo. 90, 507 P.2d 464 (1973), for example, the supreme court ordered that new counsel be appointed to represent a defendant on a motion to withdraw a guilty plea that he had entered following a mistrial. The court concluded that the defendant's trial counsel would likely be necessary witnesses at a hearing on his motion, thus giving rise to a serious conflict of interest if they were required to give testimony adverse to their client.

■ When a claim of ineffective assistance is raised in a postconviction motion under Crim. P. 35(c), a trial court may deny relief without a hearing and without appointing counsel to represent the defendant if the allegations are merely conclusory or if the record clearly establishes that the defendant is not entitled to relief. *See People v. Rodriguez*, 914 P.2d 230 (Colo.1996)(vague or unsupported allegations regarding counsel's allegedly deficient performance are insufficient to warrant relief under Crim. P. 35(c)); *People v. Hickey*, 914 P.2d 377 (Colo.App.1995); *People v. Hartkemeyer*, 843 P.2d 92 (Colo. App.1992).

■ Defendant argues that a more lenient standard should apply to his request for appointment of new counsel here, inasmuch as the request was made at a time when he still had a constitutional right to counsel, *see People v. Isham*, 923 P.2d 190 (Colo.App.1995), and when the state presumably had a lesser interest in the finality of his conviction. We disagree, and conclude that, even in the context of a Crim. P. 32(d) motion to withdraw a guilty plea prior to sentencing, a trial court may decline to appoint new counsel to represent the defendant if the claim of ineffective assistance is simply conclusory or is contradicted by the record.

We find support for this conclusion in federal cases that have addressed the showing required to obtain a hearing under Fed. R.Crim.P. 32(d), which permits withdrawal of a guilty plea prior to sentencing "upon a showing by the defendant of any fair and just reason."

The federal courts have held that a defendant is not entitled to withdraw a guilty plea, and is not entitled to a hearing on his motion to do so, if the defendant's allegations merely contradict the record, are inherently incredible, or are simply conclusory. *See, e.g., United States v. Gonzalez*, 970 F.2d 1095 (2d Cir.1992).

This principle has been applied in cases where it is alleged that a guilty plea resulted from ineffective assistance of counsel or a conflict of interest on the part of counsel. *See United States v. Winston*, 34 F.3d 574 (7th Cir.1994)(conclusory allegation that counsel had not provided defendant with opportunity to view material obtained through discovery did not warrant evidentiary hearing to determine whether defendant had fair and just reason to withdraw guilty plea);

*United States v. Gonzalez, supra* (defendant's unsupported claims that his attorney labored under a conflict of interest at the time of his plea and had given him incorrect advice did not entitle him to evidentiary hearing on presentence application to withdraw guilty plea); *United States v. Tivis,* 302 F.Supp. 581 (N.D.Tex.1969)(conclusory allegations that guilty plea was product of counsel's coercive advice were insufficient to warrant a hearing on defendant's motion to withdraw guilty plea), *aff'd,* 421 F.2d 147 (5th Cir.1970).

Applying the rationale of those cases to the situation presented here, we conclude that the trial court did not abuse its discretion in declining to appoint new counsel, notwithstanding the request by defendant and his public defender that it do so. *See People v. Romero,* 767 P.2d 782 (Colo.App.1988)(whether attorney should be disqualified from representing accused is generally within trial court's discretion).

Even after being given an opportunity to provide some factual basis for his written statement that he "felt he was inadequately represented," defendant still offered no grounds for his contention that were not either conclusory, inherently incredible, or contradicted by the record. For example, although defendant contended that he had not been given time to consider the plea agreement, the trial court was aware that he had been given over one month to consider the proffered agreement and had discussed it with his family, including his father, whom the court had brought in from prison to talk with defendant about the plea agreement. Further, having presided over a one-and-one-half day preliminary hearing, at which defendant was present and at which the factual basis for the charges against him was established, the court could properly conclude that there was no support for defendant's contention that his attorneys had failed to apprise him of the facts of the case.

Under the standards set forth above, defendant's allegations were insufficient to warrant a hearing on his claim of ineffective assistance of counsel. Thus, in contrast to the situation presented in *Riley v. District Court, supra,* defendant's existing counsel were not facing a hearing at which they would likely be witnesses adverse to their client's interest.

In these circumstances, it was not an abuse of discretion for the trial court to deny defendant's request to withdraw his guilty plea without appointing new counsel to litigate his plea withdrawal claims.

The judgment of conviction is affirmed.

Judge RULAND and Judge PIERCE* concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.2000