23CA0334 Peo v Mendoza 08-22-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA0334 City and County of Denver District Court No. 20CR2589 Honorable Eric M. Johnson, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Philipp Mendoza, Defendant-Appellant. ORDER AFFIRMED Division III Opinion by JUDGE YUN Dunn and Moultrie, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced August 22, 2024 Philip J. Weiser, Attorney General, William G. Kozeliski, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Megan A. Ring, Colorado State Public Defender, John P. Finnegan, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant 
 1 ¶ 1 Philipp Mendoza appeals the district court’s order denying, without a hearing, his motion to withdraw his guilty plea under Crim P. 32(d). We affirm the order. I. Background ¶ 2 Mendoza shot a man twice in the arm and torso. Some twenty minutes after the shooting, Mendoza called the police and admitted to shooting the victim but claimed that he acted in self-defense. The victim survived after undergoing surgery. ¶ 3 The People charged Mendoza with attempted first degree murder and first degree assault. Mendoza retained private counsel and, more than two years after the charges were filed, entered into a plea agreement. The agreement provided that Mendoza would plead guilty to an added count of attempt to commit second degree assault in exchange for dismissal of the charged offenses. ¶ 4 At the providency hearing, the court addressed Mendoza personally “to make sure you understand what you’re doing today, [and] make sure you understand the consequences of your decision.” Mendoza acknowledged the written plea agreement and confirmed that he had initialed each paragraph and signed the last page. He said his signature indicated that he had gone through the 
 2 agreement with this attorney “line for line” and that his attorney had answered any questions he had. One of the paragraphs that Mendoza signed stated that [t]he decision to plead guilty is my decision and it has been made freely and voluntarily. There has been no threat, coercion, undue influence, or force used to make me plead guilty. I know that I do not have to follow my lawyer’s advice and that I do not have to plead guilty. This is my decision to plead guilty. Finally, Mendoza acknowledged that he understood all of the rights he was foregoing by pleading guilty, including the right to present evidence in his defense. ¶ 5 But immediately after the prosecutor set out the factual basis for the plea — that “[Mendoza] had an altercation with [the victim], during which [Mendoza] was in possession of a firearm,” and that “[h]e fired a number of times at [the victim,] causing serious bodily injury” — the district court judge and Mendoza had the following colloquy: THE COURT: And is that what happened, sir? . . . . [MENDOZA]: That’s what happened. It’s not all of it, but it is what happened. 
 3 THE COURT: All right. Well, if there’s more, that’s what trials are for. Otherwise, if you tell me that’s what happened, then I’m going to accept this plea. [THE PROSECUTOR]: Judge, I’m — I’m perfectly comfortable acknowledging there — the trial would’ve been about self-defense. I mean, and so I think I understand Mr. Mendoza’s hesitation there . . . . . . . . THE COURT: Well, self-defense is an issue for the jury. You have the right to present that defense. And I’m sure you’ve spoken about this with your attorney, whether they think it’s applicable or they think — they’ve given you advice about it. The bottom line is if you’re telling me you’re guilty, it means I’m going to find you guilty, and you’re not going to come back to me later and say I didn’t do it. So, you know, self-defense is a claim for a jury. . . . [MENDOZA]: I understand I’m pleading to a lesser charge, Your Honor, and with the advice of my attorneys . . . I’m moving forward. I’m moving forward with a guilty plea. I understand that. Mendoza confirmed that he understood that he was “giving up the right to claim self-defense by pleading guilty.” ¶ 6 At the sentencing hearing two months later, plea counsel informed the district court that he had presented the facts of the case, including Mendoza’s claim of self-defense, to mock jurors and 
 4 “were coming out with about fifty percent” that liked the self-defense argument and “fifty percent that didn’t.” As such, plea counsel determined that “it was just simply too risky to take a fifty-fifty self-defense argument to” trial. ¶ 7 Nevertheless, during allocution, Mendoza had a change of heart about his decision to plead guilty: THE COURT: Do you want to take this plea? This is your last chance. . . . . [MENDOZA]: You said, if you’re not guilty . . . . If you’re not guilty don’t plead guilty in my court. I’m not guilty, Your Honor. THE COURT: You told me before that you were, and you wanted this plea. [MENDOZA]: I . . . did because — out of duress. THE COURT: Do you want to withdraw your plea? [MENDOZA]: I would like to withdraw my plea. The prosecutor asked that Mendoza be required to file a motion to withdraw his plea, and the court agreed. ¶ 8 Instead of filing the motion, Mendoza’s private attorneys filed a motion to withdraw as counsel. They claimed that, because 
 5 Mendoza now wished to withdraw his plea, “the interests of counsel and client [became] implicitly adverse.” The district court allowed plea counsel to withdraw, and the public defender took over representing Mendoza and filed a Rule 32(d) motion to withdraw a guilty plea. ¶ 9 In the motion, Mendoza contended that his plea was involuntary and he should be allowed to withdraw it because (1) the fact that he “has repeatedly and persistently claimed an affirmative theory of innocence demonstrates that he has not actually accepted a factual basis required to support the current plea”; (2) “his prior counsel pressured him to take a plea that he never wanted” by “falsely advis[ing] him that [the victim] . . . was likely to succumb to his injuries sustained during this incident,” and if that happened, “Mendoza would face a capital offense, so it was in his best interest to enter a plea to avoid that scenario”; and (3) plea counsel “mishandled his case and negotiations.” The People responded by arguing that Mendoza did not meet his burden to establish a fair and just reason to withdraw his plea. They also noted that the case had been “delayed multiple times to allow for full investigation by the defense and continuing negotiations,” and during this period, 
 6 “one of the primary witnesses to the shooting passed away, severely damaging the People’s case and conferring a tremendous windfall upon” Mendoza. ¶ 10 The district court denied Mendoza’s motion to withdraw his plea because of his admissions at the providency hearing and given “[t]he fact that a, if not the, key prosecution witness has died and is now unavailable to testify.” The court explained that “but for this fact” it “would probably allow [Mendoza] to withdraw his plea.” But it concluded that, under the circumstances, ignoring “Mendoza’s knowing, intelligent, voluntary plea and his admission of the facts underlying his plea of guilty would not lead to the ‘fair and just’ end sought by Crim. P. 32(d).” ¶ 11 Ultimately, the district court sentenced Mendoza to four years in the custody of the Department of Corrections. II. Analysis ¶ 12 Mendoza contends that the district court reversibly erred by denying his Rule 32(d) motion to withdraw his guilty plea. Specifically, he asserts that the court erred by (1) failing to hold a hearing on his allegation that plea counsel provided ineffective assistance by misadvising Mendoza that the shooting could become 
 7 a capital offense and (2) misapplying the non-exhaustive factors used to evaluate a Rule 32(d) motion.
1 We perceive no reversible error. A. Governing Law and Standard of Review ¶ 13 Crim. P. 32(d) allows a defendant to file a motion to withdraw a guilty plea before sentence is imposed. Kazadi v. People, 2012 CO 73, ¶ 14. However, to warrant such a withdrawal, a defendant has the burden of establishing a “fair and just reason” for it. Id. (quoting People v. Chippewa, 751 P.2d 607, 609 (Colo. 1988)). Fair and just reasons can include instances where a defendant was surprised or influenced into a plea of guilty to which the person had a defense; where a plea of guilty was entered by mistake or under a misconception of the nature of the charge; where such plea was entered through fear, fraud, or official misrepresentation; where it was made involuntarily; or where ineffective assistance of counsel occurred in the process. Id. 1 On appeal, Mendoza does not address the other assertions in his Crim. P. 32(d) motion, including that plea counsel “mishandled his case and negotiations.” Accordingly, they are deemed abandoned and will not be addressed here. See People v. Brooks, 250 P.3d 771, 772 (Colo. App. 2010). 
 8 ¶ 14 When a Rule 32(d) motion rests on a claim of ineffective assistance of counsel, a defendant has the burden of establishing that (1) his counsel performed deficiently and (2) a reasonable probability exists that, but for counsel’s deficient performance, he would have pleaded not guilty and insisted on going to trial. See People v. Corson, 2016 CO 33, ¶ 35 (citing Hill v. Lockhart, 474 U.S. 52, 60 (1985)); People v. Madera, 112 P.3d 688, 692 (Colo. 2005) (concluding that a Rule 32(d) motion premised on ineffective assistance of counsel must meet the standards both for ineffective assistance of counsel and for withdrawal of a guilty plea). Failure to prove either prong is fatal to an ineffective assistance of counsel claim. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Corson, ¶ 35 (if a defendant has failed to show prejudice, a court may resolve an ineffective assistance of counsel claim on that basis and need not address whether counsel’s performance was deficient). ¶ 15 The district court has broad discretion to determine whether the defendant has established a fair and just reason to withdraw a guilty plea. Crumb v. People, 230 P.3d 726, 730 (Colo. 2010). Therefore, we will not reverse the court’s denial of a Rule 32(d) 
 9 motion unless the court abused its discretion.
2 Kazadi, ¶ 15. A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or when it applies an incorrect legal standard. People v. Rodriguez, 2022 COA 98, ¶ 12. B. Ineffective Assistance of Counsel ¶ 16 In his Rule 32(d) motion, Mendoza alleged that his plea counsel “falsely advised him that [the victim] . . . was likely to succumb to his injuries sustained during this incident,” and if that happened, “Mendoza would face a capital offense, so it was in his best interest to enter a plea to avoid that scenario.” (Emphasis added.) Mendoza contends that, because the death penalty was abolished in Colorado shortly after this case was filed, he sufficiently alleged ineffective assistance of counsel and the district court erred by failing to hold an evidentiary hearing on it. The People concede that “[t]here is no suggestion in the record that this 2 Mendoza suggests that, under People v. Lopez, 12 P.3d 869 (Colo. App. 2000), our review should be de novo. But the division in Lopez reviewed for an abuse of discretion. Id. at 872 (“[W]e conclude that the trial court did not abuse its discretion . . . .”). 
 10 case would ever be a death penalty case.”
3 We will therefore assume that Mendoza adequately alleged deficient performance. We turn then to whether Mendoza alleged sufficient facts to show that he was prejudiced by the deficient performance. ¶ 17 Even assuming, as Mendoza argues, that Crim. P. 35(c) standards regarding when a court may deny relief without a hearing apply to Rule 32(d) motions, a court may summarily deny a motion alleging ineffective assistance if the defendant’s allegations are conclusory, vague, or lacking in detail. People v. Castillo, 2022 COA 20, ¶ 14; see also People v. Lopez, 12 P.3d 869, 871-72 (Colo. App. 2000) (conclusory allegations were not sufficient to warrant a hearing on a Rule 32(d) claim); People v. DiGuglielmo, 33 P.3d 1248, 1250 (Colo. App. 2001) (district court properly denied relief without a hearing where the defendant failed to assert facts demonstrating a fair and just reason for withdrawal). 3 The People submit that Mendoza “never alleged that his attorney told him he could face the death penalty” before the district court and therefore we should not consider the argument. But we agree with Mendoza that he raised this contention by using the term “capital offense” in his motion. See People v. Smith, 2023 CO 40, ¶ 23 (“[T]he phrase ‘capital offenses’ plainly and unambiguously refers to offenses for which the General Assembly has statutorily authorized the imposition of the death penalty.”). 
 11 ¶ 18 In his Rule 32(d) motion, Mendoza asserted that his plea was involuntary because “he suffered undue pressure from his attorneys to plead, [and] . . . they inaccurately advised him about the likelihood of being charged with a capital offense.” But nowhere did he allege that but for his attorney’s misstatement about the potential nature of the offense he would have pleaded not guilty and proceeded to trial. See Corson, ¶ 35. He did not allege that the potential for the death penalty versus the potential for a sentence to life in prison without the chance of parole (both contingent on the victim passing away) affected his decision to plead guilty. See § 18-1.3-401(1)(a)(V)(A.1), (V.5)(A), C.R.S. 2023. Nor did he allege that his counsel’s suggestion that the victim was “likely to succumb to his injuries” from the shooting affected his decision to plead guilty over two years after the charges were filed. See People v. Lopez, 2015 COA 45, ¶ 12 (allegations of ineffective assistance of counsel that lack sufficient specificity are properly rejected); People v. Villanueva, 2016 COA 70, ¶ 68 (a conclusory allegation of prejudice is insufficient under Strickland). ¶ 19 Instead, Mendoza suggested that plea counsel’s reference to a capital offense contributed to the “pressure” for him to plead guilty. 
 12 But that is not the same as alleging that but for counsel’s statement he would have gone to trial on two greater charges — attempted first degree murder and first degree assault — that would have exposed him to significantly increased penalties. See Corson, ¶¶ 42-43 (defendant did not demonstrate a reasonable probability that he would have rejected plea agreement but for counsel’s deficient advice where defendant received significant benefits from the agreement). In any event, pressure does not necessarily invalidate a guilty plea. See, e.g., People v. McCormick, 881 P.2d 423, 427 (Colo. App. 1994) (explaining that the pressure to accept the certainty of a lesser penalty rather than face the possibility of a lengthy sentence does not render a guilty plea invalid). But see Brady v. United States, 397 U.S. 742, 750 (1970) (A guilty plea is involuntary and therefore invalid if it is obtained by “actual or threatened physical harm or by mental coercion overbearing the will of the defendant.”). And Mendoza did not allege in his motion that plea counsel threatened him or took any action that overbore his will. See Lopez, ¶ 12; Villanueva, ¶ 68. ¶ 20 As such, we conclude that Mendoza did not sufficiently allege in his Rule 32(d) motion that he was prejudiced by plea counsel’s 
 13 performance. Thus, the district court was not required to hold an evidentiary hearing. Castillo, ¶ 14. C. Crim P. 32(d) Factors ¶ 21 Mendoza also contends that the district court misapplied the non-exhaustive factors used to evaluate a Rule 32(d) motion by considering prejudice to the prosecution — the death of a key witness — that existed before the plea agreement was executed and by failing to address whether his motion was prompt. We are not persuaded. ¶ 22 In determining whether a defendant has met the burden of establishing a fair and just reason to withdraw a guilty plea, a district court should consider a non-exhaustive list of factors including whether (1) the defendant promptly moved to withdraw the guilty plea; (2) the prosecution would be prejudiced by the withdrawal of the guilty plea; and (3) the defendant has shown that justice will be subverted if the motion is denied. See Crumb, 230 P.3d at 730. ¶ 23 Even if the district court erred by considering prejudice that occurred before the plea agreement and by failing to expressly consider whether the motion was prompt, Mendoza did not meet his 
 14 burden to show — given, as we discussed above, that his allegation of ineffective assistance of counsel was insufficient — that justice would be subverted were his motion denied. Our supreme court and numerous divisions of this court have emphasized that there must be some showing that justice will be subverted “[t]o warrant the exercise of discretion favorable to a defendant concerning a change of plea.” Maes v. People, 155 Colo. 570, 575, 396 P.2d 457, 459 (1964); see, e.g., Kazadi, ¶ 14; People v. Boling, 261 P.3d 503, 504 (Colo. App. 2011); People v Weed, 830 P.2d 1095, 1098 (Colo. App. 1991). ¶ 24 Accordingly, the district court did not abuse its discretion by ultimately concluding that, given “Mendoza’s knowing, intelligent, voluntary plea and his admission of the facts underlying his plea of guilty,” allowing Mendoza to withdraw his plea “would not lead to the ‘fair and just’ end sought by Crim. P. 32(d).” III. Disposition ¶ 25 The order is affirmed. JUDGE DUNN and JUDGE MOULTRIE concur.