24CA0647 Peo v Spector 03-12-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0647
City and County of Denver District Court No. 22CR5083
Honorable Karen L. Brody, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Joseph M. Spector,

Defendant-Appellant.

---

JUDGMENT AFFIRMED

Division IV
Opinion by JUDGE BROWN
Freyre and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 12, 2026

---

Philip J. Weiser, Attorney General, Brenna A. Brackett, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Mackenzie R. Shields, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    Defendant, Joseph M. Spector, appeals the judgment of conviction entered in Denver District Court pursuant to a plea agreement resolving cases against him in three separate counties. Spector raises one issue on appeal: Did the district court err by denying a motion to continue his sentencing hearing so that appointed counsel could have additional time to investigate the possibility of withdrawing his guilty plea based on ineffective assistance of counsel?  We conclude that the district court did not abuse its discretion and therefore affirm.

## I.    Background

¶ 2    In a global disposition of three cases in which he was charged with sexual offenses against several children, Spector agreed to the following:

- In Denver case number 22CR5083 — the case appealed here — Spector pleaded guilty to one count of sexual assault on a child and agreed to a stipulated sentence of ten years to life on sex offender intensive supervision probation (SOISP).

- In Douglas County case number 22CR1185, Spector pleaded guilty to (1) one count of sexual exploitation of a

1

child with a stipulated determinate ten-year prison sentence and (2) one count of sexual assault on a child with a stipulated sentence of ten years to life on SOISP.

- In Arapahoe County case number 22CR2122, Spector pleaded guilty to one count of sexual assault on a child with a stipulated sentence of ten years to life on SOISP.

Each agreement stipulated that the three SOISP sentences were to be served consecutive to the prison sentence and concurrent with each other.

¶ 3 After the district courts in all three counties accepted Spector's guilty pleas but before any sentencing hearings, Spector's private attorney, Colin Bresee, withdrew due to irreconcilable differences. Public defender Sabrina Schmid entered her appearance in Spector's Denver case on November 16, 2023. The sentencing hearing had been set for November 20, but the court vacated that hearing and set a status conference for November 21.

¶ 4 At the status conference, Schmid asked the district court to set sentencing for mid-January, and the court set the hearing for January 25, 2024. An out-of-state victim's representative told the court that delays in the case had presented significant hardship to

2

the family due to lack of closure and expenses associated with last-minute travel cancellations. The family requested that the rescheduled sentencing hearing proceed without further delay. To avoid additional hardship to the victim's family, the prosecutor asked that any "motion to withdraw" be filed at least thirty days in advance of the sentencing hearing. The court scheduled another status conference to address any presentence legal arguments.

¶ 5 At the January 4, 2024, status conference, Schmid moved to continue the sentencing hearing for several months, arguing that she needed more time "to decide if it's appropriate . . . to make a claim to withdraw his plea." The prosecutor objected, noting a "long, tortured history" of plea negotiations and arguing that Schmid's motion was gamesmanship and that any claim of ineffective assistance would be "laughable" because Bresee had done "more than really any defense counsel [she'd] had on a case like this." The court agreed with the prosecutor's characterization of the circumstances. It denied the oral motion, pointing to the age of the case, Bresee's last-minute withdrawal, the fact that the sentencing hearing had already been continued, the lack of concrete

argument for a continuance, and the availability of postconviction remedies.

¶ 6 At the sentencing hearing three weeks later, Schmid once again moved for a continuance. The parties made nearly identical arguments to those made on January 4, and the district court again denied the motion. The court sentenced Spector in accordance with his plea agreement.

## II. Discussion

¶ 7 On appeal, Spector contends that the district court erred by denying his motion to continue so that Schmid could adequately advise him about whether to move to withdraw his guilty plea. We disagree.

### A. Standard of Review and Applicable Law

¶ 8 We review a district court's ruling on a motion to continue for abuse of discretion. *People v. Ahuero*, 2017 CO 90, ¶ 11. "There are no 'mechanical tests' for determining whether a [district] court abuses its discretion by denying a continuance." *People v. Brown*, 2014 CO 25, ¶ 20 (quoting *People v. Hampton*, 758 P.2d 1344, 1353 (Colo. 1988)).

¶ 9 On review, we consider (1) the prejudice to the moving party if the continuance was denied versus the prejudice to the opposing party if a continuance was granted, *see People v. Smith*, 275 P.3d 715, 721-22 (Colo. App. 2011); (2) the circumstances confronting the district court when the motion was made, *see Ahuero*, ¶ 11; and (3) the reasons presented for the continuance, *see id.* Because a request for a continuance requires the court to balance many factors, "only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." *Id.* at ¶ 12 (quoting *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983)).

¶ 10 Crim. P. 32(d) permits a defendant to move to withdraw his guilty plea before a sentence is imposed. *See Crumb v. People*, 230 P.3d 726, 730 (Colo. 2010). The rule "provides a vehicle" for a defendant to present "a fair and just reason for discretionarily permitting withdrawal" of the plea, *People v. Figueroa-Lemus*, 2020 CO 59, ¶ 12, but the defendant has the burden of demonstrating that fair and just reason, *People v. Chippewa*, 751 P.2d 607, 609 (Colo. 1988), and whether the defendant met that burden is an assessment within the sound discretion of the trial court, *People v.*

5

*Lopez*, 12 P.3d 869, 871 (Colo. App. 2000). One fair and just reason for withdrawal of a guilty plea under Crim. P. 32(d) is the ineffective assistance of counsel. *Lopez*, 12 P.3d at 871.

### B. Application

¶ 11 The record shows that the district court appropriately considered the factors bearing on Spector's request for continuance. The prosecutor demonstrated prejudice if a continuance was granted — prejudice to the out-of-state victim and victim's family, who wanted closure and had already suffered a financial loss due to a prior sentencing delay. And the court reasonably perceived little prejudice to Spector if a continuance was denied, because the parties had stipulated to a ten-year SOISP sentence, Spector was already serving a prison sentence for his Douglas County case, and he could pursue relief for any ineffective assistance claim in a postconviction motion.

¶ 12 Additional circumstances weighing in favor of denying Spector's motion include the sixteen-month age of the case, the prior two-month sentencing continuance, the prosecutor's robust endorsement of Bresee's performance and the absence of any specific allegations to the contrary, and Spector's arguable

6

gamesmanship in delaying his conviction. And as to the reasons presented for a continuance, Spector's counsel asserted only a vague and speculative claim of ineffective assistance — she did not attempt to allege a specific fair and just reason for withdrawing Spector's plea. *Cf. Lopez*, 12 P.3d at 871 (concluding that a Crim. P. 32(d) motion may be denied if a claim of ineffective assistance is conclusory or contradicted by the record).

¶ 13　For these reasons, we perceive nothing arbitrary or unreasonable about the district court's decision to deny Spector's motion to continue. We conclude that the court acted well within its discretion.

### III.　Disposition

¶ 14　The judgment is affirmed.

JUDGE FREYRE and JUDGE SCHUTZ concur.