24CA0105 Peo v Spector 03-12-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0105
Douglas County District Court No. 22CR1185
Honorable Ryan J. Stuart, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Joseph Michael Spector,

Defendant-Appellant.

---

JUDGMENT AFFIRMED

Division IV
Opinion by JUDGE FREYRE
Brown and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 12, 2026

---

Philip J. Weiser, Attorney General, Brenna A. Brackett, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Mackenzie R. Shields, Deputy
State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    Defendant, Joseph Michael Spector, appeals the judgment of conviction entered in Douglas County District Court pursuant to a plea agreement resolving cases against him in three separate counties.  Spector raises one issue on appeal: Did the district court err by denying a motion to continue his sentencing hearing so that recently appointed counsel could have additional time to investigate the possibility of withdrawing his guilty plea based on ineffective assistance of counsel?  We conclude that the district court did not abuse its discretion and therefore affirm.

I.    Background

¶ 2    In a global disposition of three cases in which he was charged with sexual offenses against several children, Spector agreed to the following:

- In Douglas County case number 22CR1185 — the case appealed here — Spector pleaded guilty to (1) one count of sexual exploitation of a child with a stipulated determinate ten-year prison sentence and (2) one count of sexual assault on a child with a stipulated sentence of ten years to life on sex offender intensive supervision probation (SOISP).

- In Denver case number 22CR5083, Spector pleaded guilty to one count of sexual assault on a child with a stipulated sentence of ten years to life on SOISP.

- In Arapahoe County case number 22CR2122, Spector pleaded guilty to one count of sexual assault on a child with a stipulated sentence of ten years to life on SOISP.

¶ 3    Each agreement stipulated that the three SOISP sentences were to be served consecutive to the prison sentence and concurrent with each other.

¶ 4    After the district courts in all three counties accepted Spector's guilty pleas but before any sentencing hearings, Spector's private attorney, Colin Bresee, withdrew due to irreconcilable differences. Public defender Lauren Sposa was appointed to represent Spector in Douglas County.

¶ 5    Three weeks later and one day before the scheduled sentencing hearing in this case, Sposa moved to continue so she could investigate "whether or not Mr. Spector has a claim to withdraw his plea" under Crim. P. 32(d) due to "potential ineffective assistance of counsel claims." The People objected, argued that Spector was "playing games," and said the victims wanted closure.

The Douglas County district court denied the motion, finding, among other things, that (1) the victims objected to a continuance; (2) any ineffective assistance claims could be raised in a postconviction motion; (3) the case had been pending for over a year; and (4) Spector had been "playing games" as a tactic to delay proceedings. In accordance with the plea agreement, the court sentenced Spector to ten years in prison plus a consecutive ten years to life on SOISP.

## II.      Discussion

¶ 6      On appeal, Spector contends that the district court erred by denying his motion to continue so that Sposa could adequately advise him about whether to move to withdraw his guilty plea. We disagree.

### A.      Standard of Review and Applicable Law

¶ 7      We review a district court's ruling on a motion to continue for abuse of discretion. *People v. Ahuero*, 2017 CO 90, ¶ 11. "There are no 'mechanical tests' for determining whether a [district] court abuses its discretion by denying a continuance." *People v. Brown*, 2014 CO 25, ¶ 20 (quoting *People v. Hampton*, 758 P.2d 1344, 1353 (Colo. 1988)).

¶ 8     On review, we consider (1) the prejudice to the moving party if the continuance was denied versus the prejudice to the opposing party if a continuance was granted, *see People v. Smith*, 275 P.3d 715, 721-22 (Colo. App. 2011); (2) the circumstances confronting the district court when the motion was made, *see Ahuero*, ¶ 11; and (3) the reasons presented for the continuance, *see id.* Because a request for a continuance requires the court to balance many factors, "only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." *Id.* at ¶ 12 (quoting *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983)).

¶ 9     Crim. P. 32(d) permits a defendant to move to withdraw his guilty plea before a sentence is imposed. *See Crumb v. People*, 230 P.3d 726, 730 (Colo. 2010). The rule "provides a vehicle" for a defendant to present "a fair and just reason for discretionarily permitting withdrawal" of the plea, *People v. Figueroa-Lemus*, 2020 CO 59, ¶ 12, but the defendant has the burden of demonstrating that fair and just reason, *People v. Chippewa*, 751 P.2d 607, 609 (Colo. 1988), and whether the defendant met that burden is an assessment within the sound discretion of the trial court, *People v.*

*Lopez*, 12 P.3d 869, 871 (Colo. App. 2000). One fair and just reason for withdrawal of a guilty plea under Crim. P. 32(d) is the ineffective assistance of counsel. *Lopez*, 12 P.3d at 871.

## B. Application

¶ 10 The record shows that the district court appropriately considered the balance of prejudice to the parties before denying Spector's continuance. The prosecutor objected to a continuance on behalf of the "more than four victims" in this global plea, who wanted closure. The court weighed the victims' interest in closure against Spector's interest in a potential ineffective assistance claim, noting that (1) the case had been pending for over a year; and (2) if there was a basis for an ineffective assistance claim, Spector could pursue relief in a postconviction motion.

¶ 11 These circumstances, in addition to those revealed at the providency hearing, support the district court's finding that Spector was simply "playing games" to delay sentencing. At the hearing, the court engaged in a robust discussion with Spector about whether he was satisfied with Bresee's representation. When the court made clear it would not accept a plea that day unless Spector was fully satisfied, Spector insisted that he wanted to keep Bresee as his

attorney and to accept the plea deal. He "absolutely" did not want to go to trial. This discussion, suggesting that Spector had no interest in going to trial, reasonably informed the district court's finding that Spector's continuance motion was a delay tactic.

¶ 12 As to the reasons presented for a continuance, Spector expressed only one specific concern about Bresee's representation — that Bresee could have sent more emails to the district attorney. In response, the district attorney argued that she had "never received so many emails on one case . . . . [She had] never had to spend so much time responding to emails of the defendant's questions, explaining to him why my offer will never change." Spector conceded that sending more emails would not have resulted in a better plea offer. Counsel's written motion to continue asserted only a vague and speculative claim of ineffective assistance — she did not allege a specific fair and just reason for withdrawing Spector's plea that could be developed with further investigation. *Cf. id.* at 871 (concluding that a Crim. P. 32(d) motion may be denied if a claim of ineffective assistance is conclusory or contradicted by the record).

¶ 13    For these reasons, we perceive nothing arbitrary or unreasonable about the district court's decision to deny Spector's motion to continue.  We conclude that the court acted well within its discretion.

### III.    Disposition

¶ 14    The judgment is affirmed.

JUDGE BROWN and JUDGE SCHUTZ concur.